**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

RICARDO VELASQUEZ,

Plaintiff,

-against-

ANTOJITOS DEL MANGU 3RD AVE RESTAURANT CORP., a New York corporation, d/b/a ANTOJITOS DEL MANGU, and JEFFERSON/3531 LLC, a New York limited liability company,

Defendants.

---------------------------------------------------------------------X

**26 Civ. 22 (JLR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's Motions for Default Judgment as to Defendants Antojitos Del Mangu 3rd Ave Restaurant Corp. (Dkt. No. 25) and Jefferson/3531 LLC (Dkt. No. 28), supporting materials (Dkt. Nos. 26-27, 29-30), and certificates of service (Dkt. Nos. 34, 36). On August 25, 2026, Judge Rochon referred this action to the undersigned for report and recommendations on those motions. (Dkt. No. 32).

The Court notes, however, that such motions appear procedurally defective due to Plaintiff's failure to comply with Rules 55.2 and 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as well as Rule 3(O) of Judge Rochon's Individual Rules of Practice in Civil Cases. Judge Rochon's Individual Rule 3(O) requires compliance with Local Rule 55.2, as well as additional requirements for any motion for default judgment. Local Civil Rule 55.2(a)(2) requires that motions for default judgment be accompanied by a memorandum of law consistent with Local Civil Rule 7.1. *See* Local Civil Rule 55.2(a)(2). Local Civil Rule 7.1 requires a "notice of motion," "a memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined," and

"[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Civil Rule 7.1(a)(1)–(3).

"'Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.'" *Lopez v. Metro & Graham LLC*, No. 22 Civ. 332 (CBA) (RER), 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) (quoting *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008)), *R&R adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023). "[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking." *United States v. Hamilton*, No. 18 Civ. 2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), *R&R adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019). "'A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules.'" *Insured Advoc. Grp., LLC v. Nuresto Prop. Grp., LLC*, No. 24 Civ. 7418 (VM), 2026 WL 579414, at *1 (S.D.N.Y. Mar. 2, 2026) (quoting *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14 Civ. 5474 (ENV), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017)).

Though "'[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules,'" *Campbell v. Isolator Fitness, Inc.*, No. 23 Civ. 2286 (JGLC) (BCM)), 2023 WL 6444904, at *2 (S.D.N.Y. Oct. 3, 2023) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)), the "failure to submit a memorandum of law is not a harmless procedural defect" as "[t]he Court relies on such memoranda to determine whether the plaintiff's allegations state a claim for relief, particularly in a default judgment where the Court does not have the benefit of oppositional briefing on liability and relief," *JC Hosp. v. Hochberg*, No. 23 Civ. 2051 (LJL), 2024 WL 4904682, at *2 (S.D.N.Y. Nov. 27, 2024). Here, across Plaintiff's two separate notices of motion (Dkt. Nos. 25 & 28), affidavits of counsel

(Dkt. Nos. 26 & 29), and proposed orders (Dkt. Nos. 27 & 30), Plaintiff includes no case citations and almost no legal reasoning to demonstrate entitlement to default judgment. This is particularly important here as Plaintiff requests not only compensatory damages and attorneys' fees for violations of the Americans with Disabilities Act, which would alone require a memorandum of law, but also presents nonobvious questions of law such as whether the ADA requires a tip jar to be kept within an accessible height and reach range. *See JC Hosp.*, 2024 WL 4904682, at *2 ("Plaintiff will also have to establish the propriety of injunctive relief, damages, and attorneys' fees.").

Rather than recommend denial of the motions at this stage, the Court will afford Plaintiff the opportunity to cure these defects. Accordingly, Plaintiff shall submit appropriate memoranda of law, accompanied by certificates of service of such, by no later than Wednesday, October 21, 2026. Failure to file such memoranda may result in a recommendation of denial of the applicable motions to Judge Rochon on this basis.

**SO ORDERED.**

DATED: New York, New York
October 6, 2026

The Honorable Gary Stein
United States Magistrate Judge